## SAMUEL HOWE *v.* THE TOWN OF ROYALTON.

### *Pauper.*

A declaration in assumpsit counting upon the neglect of a town to provide for the support of a transient poor person, brought by the person supporting him against the town in which he is found, in accordance with section 16, chap. XVIII, p. 133, Comp. Stat., is not supported by proof that the town, on being requested to provide for such transient person's support, expressly promised to do so, but afterwards failed to perform such promise.

Howe *v.* Royalton.

The declaration in this case held to count upon the statute liability of the town
    · neglect to provide for a transient person's support, and not upon the
    L each of an express promise to do so.

ASSUMPSIT.    The declaration contained two counts, which
were as follows:

" In a plea of the case for that, heretofore, to wit, on or about
the first day of October, 1853, one Stephen Blaisdell, a transient
person, was suddenly taken sick and disabled, and confined at the
house of the plaintiff, in said Royalton, and was in need of relief,
and so continued to be sick and disabled and in need of relief
at said house for a long space of time, to wit, for the space of
five months next following, at the end of which time he died; and
the plaintiff avers that on or about the first day of October,
aforesaid, the plaintiff represented to one Daniel Rix, who was
then the overseer of the poor of said town of Royalton, the sit-
uation of the said Blaisdell, as aforesaid, and the said Rix was
duly informed of the same; yet he wholly neglected to provide
for the support of the said Blaisdell, and, consequently, the plain-
tiff provided for and furnished the support of the said Blaisdell,
and supported him during all the time aforesaid, and in so sup-
porting him expended a large sum of money, to wit, ninety-five
dollars, and bestowed much care, attention, and labor of himself
and family and nurses in and about the support of the said Blais-
dell, whereby the said town of Royalton became liable to pay the
plaintiff all the expenses aforesaid, to wit, the sum of ninety-five
dollars; and in consideration thereof, afterwards, to wit, on the
6th day of March, 1854, promised the plaintiff to pay him the
same sum on demand; yet, though often requested, the said town
of Royalton have never paid the same, but hitherto have neglected
and refused so to do;

Also for that the said town of Royalton, on the first day of
October, 1854, at said Royalton, were indebted to the plaintiff in
the sum of ninety-eight dollars, for so much money laid out before
that time in the support of one Stephen Blaisdell, (a transient
person who was suddenly taken sick and disabled, and was in
need of relief at the house of the plaintiff on or about the first
day of October, 1853, and of whose said situation the overseer
of the poor of said town of Royalton, to wit, one Daniel Rix,

was then and there duly notified and informed and his situation was then and there duly represented to said overseer of the poor, who nevertheless neglected to provide for the support of said Blaisdell.) and for work and labor, care and diligence applied and bestowed by the plaintiff in and about the support of the said Blaisdell, and being so indebted, the said town of Royalton then and there promised the plaintiff to pay him said last mentioned sum on demand; yet, though often requested, the defendants have never paid the same, but have hitherto neglected and refused so to do.

The defendant pleaded the general issue, and the cause was tried by the jury, at the December Term, 1857, in Windsor county,—REDFIELD, Ch. J., presiding.

On trial the plaintiff gave evidence tending to show that in October, 1853, one Stephen Blaisdell, a transient person, was taken sick at his house in Royalton, and continued sick and wholly unable to do anything for his support or maintenance until his death, on the 1st of February following, and that he was destitute of property; that the plaintiff applied to Daniel Rix, the overseer of the poor of Royalton, and informed him of those facts, and requested him to take charge of and support Blaisdell, informing him at the same time that Blaisdell wanted a doctor; that the overseer told Blaisdell to procure a doctor and take care of him as he would of one of his own family, and that he, Rix, would go and see the person who had contracted to support the town paupers, and send him to look after the matter; that the plaintiff continued to support Blaisdell till he died, for the expenses of which he claimed to recover.

The only question of law reserved in the case was whether the plaintiff, under this state of the proof, could recover under his declaration.

The court decided, and so charged the jury, that the declaration was sufficient to entitle the plaintiff to recover, if the jury believed the plaintiff's testimony, whether they found an express undertaking on the part of the town, or the overseer, to pay for Blaisdell's support, or only a neglect to support and maintain him after due notice and request from the plaintiff so to do.

28

To the charge of the court in this respect the defendants excepted.

*D. C. Denison* and *A. P. Hunton*, for the defendants.

*J. L. Marcy* and *Converse & French*, for the plaintiff.

ALDIS, J.   This is a declaration in two counts.   The first states that a transient person was suddenly taken sick and was in need of relief at the plaintiff's house ; that the plaintiff notified the overseer of the poor of Royalton of the situation of the pauper, and that the town neglected to provide for him, whereby the town became liable to the plaintiff for the support furnished by him to the pauper.   This count states the very facts which make the town chargeable under the 16th section of the act for the support and removal of paupers.   It is therefore a declaration founded upon the statute.   To sustain it by proof it is necessary to show that the town, being notified, *neglected* to provide for the poor person.   Upon being notified the town became liable for the support of the pauper, and thereupon might neglect to provide, and so become liable under the statute to the plaintiff, or might promise the plaintiff to pay him for such support, in which case the town would be liable to the plaintiff, not by virtue of the statute, but upon their promise.   If upon notice the town provide the support by agreeing with the plaintiff to furnish it, and to pay him for it, they do not *neglect* to provide, but do provide the support through the plaintiff.   These two grounds of liability are thus wholly different, the one standing upon an express contract between the parties, the other upon neglect and the implied promise growing out of it.

A declaration counting upon the neglect requires proof of the neglect, and cannot be supported by proof of an express promise made at the time of the application.

The court charged the jury that in this case the plaintiff might recover by showing either neglect or an express promise.   The jury, therefore, may have found either alone ; the case shows there was evidence tending to show both.

If they found an express promise but no neglect, the plaintiff could not recover upon the first count.

This leads to the inquiry whether the second count is also a count upon the statute liability, or upon the express promise. This must be determined by the structure and substance of the count itself. It does not contain, like the first count, an affirmative averment of the facts required by statute to make the town chargeable; but like a common count in *indebitatus assumpsit* it sets forth that the defendant was indebted to the plaintiff for money paid, etc., and being so indebted promised to pay. So far it is like the form of a common count. On the other hand it does not aver, as in the usual form, that the money was paid "for the use of the defendants, and at their request ;" but avers that it was paid for the use of one Blaisdell, a transient person, and then proceeds to state all the facts which are requisite under the statute to charge the town, *including* an averment that the town neglected to provide for such person, and then says, "being so indebted the defendants promised to pay."

Now the averment of these facts, this full and in a common count unnecessary statement of all the circumstances required to create the statute liability, is inconsistent with both the form and substance of a common count. The averment of neglect is wholly inconsistent with a declaration in general assumpsit. We think it cannot, without violence to the established forms of pleading, be called a common count.

Is it a special count under which an express promise made at the time of the notice can be proved? Here again, the allegation of neglect is inconsistent with the proof of *such* express promise, for as we have already said, an express promise made at the time and upon the faith of which the support was furnished, excludes the idea of neglect.

It may unquestionably be treated as a count stating a liability under the statute arising from neglect, and that in consideration thereof the defendants *afterwards* promised to pay the plaintiff for services rendered and for which they were liable, and proof of these facts and a *subsequent* promise would sustain the declaration. The difficulty in this view of the case is that there was no evidence tending to show a subsequent promise. Hence,

though we may well hold that the count is precisely such a count, yet there is a fatal variance between the proof and the declaration.

If the allegation of neglect were stricken from the count, then it would probably be sufficient, at least after verdict, as declaring upon an express promise made at the time of the notice. But we think the allegation of neglect cannot be treated as surplusage. It is the very fact which changes the liability from contract to statutory obligation. It changes the character of the proof and the nature of the issue. Upon such a declaration the defendants would have no reason to expect that proof of an express promise at the time of the notice would be offered. They would be prepared only to disprove the facts showing that they were chargeable by statute, or that they had made a subsequent promise.

We have therefore come to the conclusion, we may say we have reluctantly come to the conclusion, that there was error in the charge of the court in holding that proof of an express promise made at the time of the application would sustain the declaration.

Judgment reversed.